■ DAVID ROGOWSKY et al., Appellants-Respondents, v GLORIA LEWIS, as Administratrix of the Estate of BURTON LEWIS, Deceased, Respondent-Appellant. (And a Related Proceeding.) [800 NYS2d 180]—

In an action, inter alia, to recover damages for breach of contract and negligence, and for a corporate accounting, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Austin, J.), entered November 20, 2002, as, among other things, after a nonjury trial, and upon determining that the equity interest of the defendant's decedent, Burton Lewis, in the subject corporations is $223,405.83, is in favor of Burton Lewis and against them, and the defendant cross-appeals, on the ground of inadequacy, from so much of the same judgment as, upon reducing her share of the value of the corporations based on Burton Lewis's negligence and breach of contract, is in favor of Burton Lewis and against the plaintiffs in the sum of only $223,405.83.

Ordered that the judgment is modified, on the law, by deleting the sum of $223,405.83 from the first decretal paragraph thereof; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment in accordance herewith.

The Supreme Court correctly determined that the defendant's share of the subject corporations's assets should be reduced by the amounts of the tax obligations incurred due to the failure of Burton Lewis to file corporate tax returns during the course of the businesses' operations, money taken from the business to support various women, and money taken from the businesses to repay a personal loan. We further agree with the Supreme Court that the plaintiffs were not entitled to any further damages resulting from Burton Lewis's failure to file corporate tax

returns because of their knowledge of the complained-of conduct and their failure to act on that knowledge. However, the Supreme Court erred in calculating the interest to be incurred on the taxes and penalties. While the Supreme Court correctly determined that the defendant's share of the corporate assets should be reduced by a minimum franchise tax of $625 plus a 25% penalty for each year Burton Lewis failed to file corporate tax returns, the Supreme Court improperly assessed the interest on a lump sum of the franchise taxes and the penalties incurred, calculating the defendant's obligation as $130,312.50. The interest should have been calculated at a 9% rate compounded annually from the date that each franchise tax was due and the resulting penalty became due. Therefore, the matter must be remitted to the Supreme Court, Nassau County, to recalculate the interest to be incurred on taxes and penalties.

In light of the Supreme Court's correct determination that the defendant was obligated to pay all fines and interest incurred due to Burton Lewis's failure to file corporate tax returns, the defendant should also have been directed to pay the assessed tax preparation fee of $21,250. Adams, J.P., Santucci, Mastro and Spolzino, JJ., concur.